**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CYNTHIA ORTIZ, | : |
| Plaintiff, | : Civil No. 07-1669 (RBK) |
| v. | : |
| ANGELINA ALVAREZ, etc., | : **OPINION** |
| Defendant. | : |

**APPEARANCES**:

    CYNTHIA ORTIZ, #145716, Plaintiff pro se
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, New Jersey  08330

**KUGLER**, District Judge

    Plaintiff Cynthia Ortiz, confined at the Atlantic County Justice Facility, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  The Court will grant Plaintiff's application to proceed in forma pauperis and dismiss the Complaint.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

### I.  BACKGROUND

    Plaintiff asserts violations of her constitutional rights by Angelina Alvarez, also known as Maria Colon, an inmate at Edna Mahon Correctional Facility in New Jersey.  Plaintiff asserts that Angelina Alvarez defamed Plaintiff's character by stating that Plaintiff is a snitch and that Plaintiff appears in an undercover surveillance video.  Plaintiff alleges that this

defamation of character is causing her problems in the Atlantic County Justice Facility and outside the jail.  Plaintiff does not specify the relief she seeks.

## II.   STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that

could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004). Under the notice pleading standard, a plaintiff need not set out in detail the facts upon which his claim for relief is based, but need only provide a statement sufficient to put the opposing party on notice of his claim. See, e.g., Foulk v. Donjon Marine Co., 144 F.3d 252, 256 (3d Cir. 1998).

### III.  DISCUSSION

A.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). As the Supreme Court stated in Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986),

> it is appropriate to restate certain basic principles that limit the power of every federal court. Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.

"Every grant of federal jurisdiction must fall within one of the nine categories of cases and controversies enumerated in Article III." In re TMI Litigation Cases Consol. II, 940 F.2d

832, 861-62 (3d Cir. 1991) (Scirica, J., concurring) (citing Hodgson v. Bowerbank, 5 Cranch (9 U.S.) 303, 3 L.Ed. 108 (1809)). Article III of the Constitution provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

The essential facts establishing federal jurisdiction must appear on the face of the complaint. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936). The plaintiff, "who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court." Id. at 189. Being of limited jurisdiction, a federal court

> has cognisance, not of cases generally, but only of a few specially circumstanced, amounting to a small proportion of the cases which an unlimited jurisdiction would embrace. And the fair presumption is (not as with regard to a court of general jurisdiction, that a cause is within its jurisdiction unless the contrary appears, but

>     rather) that a cause is without its
>     jurisdiction, until the contrary appears.
>     This renders it necessary, inasmuch as the
>     proceedings of no court can be deemed valid,
>     further than its jurisdiction appears, or can
>     be presumed, to set forth upon the record of
>     a circuit court, the facts or circumstances
>     which give jurisdiction, either expressly, or
>     in such manner as to render them certain by
>     legal intendment.

Turner v. Bank of North America, 4 U.S. 8, 10 (1799).  Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time.  See Bender, 475 U.S. at 541; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908).

    (1)  Diversity Jurisdiction

    The constitutional grant of diversity jurisdiction extends to "Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2; see also 28 U.S.C. § 1332.  Diversity jurisdiction is determined by examining the citizenship of the parties at the time the complaint is filed.  See Smith v. Sperling, 354 U.S. 91 (1957).  As the face of the Complaint at bar indicates that all parties are citizens of New Jersey, the Court does not have diversity jurisdiction over the action.

    (2)  Federal Question Jurisdiction

    A district court may also exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Specifically, 42 U.S.C. § 1983 authorizes a

person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)). State action exists where the conduct allegedly causing the deprivation of a federal right is "fairly attributable to the State." Lugar v. Edmondson Oil Co.,

Inc., 457 U.S. 922, 937 (1982). Determining state action involves a two-step approach.

> [T]he first question is whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority. The second question is whether, under the facts of this case, respondents, who are private parties, may be appropriately characterized as "state actors."

Lugar, 457 U.S. at 939; see also Sullivan, 526 U.S. at 50.

"Before private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation, e.g., authorizing its own officers to invoke the force of law in aid of the private persons' request." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1266 (3d Cir. 1994). A private person may fairly be said to be a state actor "when (1) he is a state official, (2) he has acted together with or has obtained significant aid from state officials, or (3) his conduct is, by its nature, chargeable to the state." Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999).

In this case, the sole Defendant is Angelina Alvarez, an inmate confined at Edna Mahon Correctional Facility. Nothing asserted in the Complaint insinuates that Alvarez was acting under color of state law when she allegedly defamed Plaintiff. Thus, this Court lacks jurisdiction and will dismiss the Complaint.

## IV.  CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.

S/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:    April 20    , 2007